In re RAY'S AUTOMATIC TRANSMIS-
SION SERVICE, INC., Debtor.

Bankruptcy No. 79–0007.

United States Bankruptcy Court,
District of Columbia.

Jan. 2, 1980.

Richard J. Hopkins, Washington, D.C., for petitioner Ray's Automatic Transmission Service, Inc.

Frank Joseph McDougald, Jr., for the District of Columbia Counsel.

Mark G. Geller, U. S. Dept. of Justice, Tax Division, Washington, D.C., for IRS.

## MEMORANDUM OPINION

(Motion for Order Discharging Tax Liens)

ROGER M. WHELAN, Bankruptcy Judge.

This matter came before the Bankruptcy Court for hearing on the debtor's motion for an order discharging tax liens which have been assessed by the District of Columbia Government [1] and are being claimed from the proceeds due the debtor as a result of a refinancing transaction previously approved by this Court as to a parcel of real estate located in the District of Columbia and known as Lot 800, Square 4268 (located at 1842 Bladensburg Road, N.W., Washington, D.C.).

The taxes in dispute apparently relate to " . . . pre-petition *real estate taxes* for

---

1. The above captioned motion for the discharge of tax liens applies also to the assessment of certain IRS taxes which have been claimed for the post-petition Chapter XI, but by consent of all parties, a continuance has been granted which permits IRS to file its brief no later than January 26, 1980. See debtor's motion and order dated December 28, 1979. It should be further noted that the legal issues which arise as a result of the Internal Revenue Service's claim are different from those asserted by the D.C. Government, and decided in this memorandum opinion.

which no proof of claim was filed." (Paragraph 2 of debtor's motion filed November 27, 1979) [emphasis my own]. The proof of claim filed by the District of Columbia Government on August 1, 1979 correctly reflects taxes due through the filing of Chapter XI petition and asserts no interest subsequent to the filing of the Chapter XI.[2] The real estate taxes due the District of Columbia Government are not included in the proof of claim but are reflected in the debtor's schedules as a priority debt. (See amended schedules filed on September 28, 1979 reflecting small—"real estate taxes—$1,799.00.") The debtor apparently contends, as evidenced by the allegations set forth in its motion for discharge of such taxes, that the District of Columbia Government is barred from asserting any claim for its pre-petition real estate taxes based on the fact that no proof of claim was timely filed in accordance with the requirements of Bankruptcy Rule 11–33.

■■■ This position ignores and overlooks the coverage and application of Chapter XI. The law is well settled that Chapter XI is limited to dealing with general unsecured creditors only, and that the District of Columbia Government's claim for real estate taxes which are due and owing as of the filing of the petition, place the D.C. Government in a secured status. In fact, the applicable provisions of the D.C. Code (see Title 47, § 1011 and Title 47, § 1003, D.C.Code 1973 Ed. as amended) make it clear that the assessment of taxes which are due and owing clearly constitute a lien upon the real estate and essentially run with the property irrespective of any action which is taken to enforce the tax lien itself. (Title 47, § 1003 supra.)

■■ "Debts" and "claims" are specifically limited to unsecured debts in the context of a Chapter XI case and an arrangement, as set forth in § 306(1) of the Bankruptcy Act, is limited to proposals for a plan dealing with "unsecured debts" only. (See § 307(1) and (2) of the Bankruptcy Act and Bankruptcy Rule 11–33.) The latter bankruptcy rule deals with the procedure in respect to the filing of proofs of claim, and the time limits within which proofs of claim may be filed in the Chapter XI, but is clearly limited in scope to "debts" and "claims" as defined in the Act. Insofar as the real estate taxes are due and owing, they constitute a lien against the subject real estate and are obviously secured claims which are not covered by these provisions. The tax lien, for the tax periods involved, constitutes a lien against the subject real estate and accordingly represents a debt which must be paid by the debtor-in-possession in this proceeding.

It is recommended to the parties, in order to best effectuate and carry out the provisions of the order of confirmation and to successfully consummate this Chapter XI, that arrangements be made to effectuate the proper payment and application of all real estate taxes due.

---

**2.** A prior proof of claim was filed on April 11, 1979 in the full sum of $13,184.01. That proof of claim asserts interest through December 31, 1978, and no penalties are claimed. The subsequent proof of claim filed by the D.C. Government on August 1, 1979, as noted in the body of this opinion, adds an amount for sales taxes due for the month of January, 1979—this amount claimed to be due is for the period of operations conducted by the debtor-in-posses-

sion subsequent to the filing of its petition on January 10, 1979 and is, therefore, covered by the provisions of the court order authorizing the debtor to operate its business which was entered on January 11, 1979. Accordingly, the sole legal issue relates to pre-petition real estate taxes claimed by the D.C. Government and which are apparently due at the time of the real estate closing in November, 1979.